```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

DANIELLE HATCH,                )
                               )
          Plaintiff,           )
                               )
     v.                        )         1:24CV890
                               )
AT&T INC.,                     )
                               )
          Defendant.           )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion of Defendant AT&T Inc. ("AT&T") to dismiss the complaint. (Doc. 15.) Plaintiff Danielle Hatch has filed a response in opposition (Doc. 21), to which AT&T has replied (Doc. 22). Because AT&T now maintains that Article III standing is lacking, it has failed to demonstrate that the court possesses subject matter jurisdiction over Hatch's claims, and the case shall be remanded to state court.

I.  BACKGROUND

Hatch, proceeding pro se, filed this action in Durham County Superior Court on September 23, 2024. (Doc. 5.) She alleges that she was arrested after AT&T falsely accused her of identity theft. (Id. ¶¶ 5-7.) Her complaint seeks $3 million in compensatory damages for alleged malicious prosecution, slander and libel, intentional infliction of emotional distress, and negligence. (Id. ¶¶ 13-30.)

AT&T removed the action to this court pursuant to 28 U.S.C. § 1441, asserting this court's diversity jurisdiction. (Doc. 1.) Hatch opposed removal and moved to remand the case to state court. (Doc. 9.) AT&T opposed Hatch's motion to remand, again arguing that the court possessed subject matter jurisdiction based on diversity of citizenship. (Doc. 10.) On October 27, 2024, the court denied Hatch's motion to remand based on the alleged diversity of the parties pursuant to 28 U.S.C. § 1332. (Doc. 14 at 4.)

Now, AT&T has reversed course. Having defended its removal of this case, it has a filed a motion to dismiss the complaint on the ground, among others, that the court lacks subject matter jurisdiction. (Doc. 15.) In relevant part, AT&T argues that Hatch lacks Article III standing to sue in federal court because the injuries she complains of are not traceable to AT&T's actions. (Doc. 16 at 10–12.) Hatch responded in opposition to the motion to dismiss, but her arguments were immaterial to the question of whether she possesses standing. (Doc. 21 at 1–2.)

## II. ANALYSIS

"No lawsuit may proceed in federal court unless the party seeking relief has Article III standing." Carolina Youth Action Project v. Wilson, 60 F.4th 770, 778 (4th Cir. 2023). Standing requires (1) injury in fact (2) that is "fairly . . . trace[able] to the challenged action of the defendant" and (3) that is "likely"

it "will be redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992) (citations and internal quotation marks omitted) (alteration and omission in original).

Relevant here, 28 U.S.C. § 1441(a) permits defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The removing party bears the burden of proving federal jurisdiction by a preponderance of the evidence. Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 748 (4th Cir. 2016) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). That is, the party "'must provide enough facts to allow a court to determine—not speculate—that it is more likely than not' that the case belongs in federal court." Cannon v. AutoMoney, Inc., 1:19-cv-00877, 2020 WL 3105183, at *3 (M.D.N.C. May 12, 2020) (quoting Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 197 (4th Cir. 2017)), report and recommendation adopted, 2020 WL 3104352 (June 11, 2020).

Removal requires that a "case be fit for federal adjudication at the time the removal petition is filed." Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). And because standing is an "irreducible constitutional minimum" that must be satisfied in all cases, a federal court lacks subject matter jurisdiction if the plaintiff does not possess standing. Lujan, 504 U.S. at 560-61. While a plaintiff filing an action in federal court has to

3

demonstrate the court's subject matter jurisdiction, where the case is removed to federal court, it is the removing party who seeks to invoke federal jurisdiction who must make the demonstration, including the plaintiff's standing. Cumberland Cnty. v. Chemours Co., 608 F. Supp. 3d 294, 297 (E.D.N.C. 2022) (citing Collier v. SP Plus Corp., 889 F.3d 894, 896 (7th Cir. 2018) (per curiam)). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151 (citations omitted).

Here, AT&T removed this case on the ground that the court possessed subject matter jurisdiction based on diversity of the parties, only to now argue that the action should be dismissed because the court lacks subject matter jurisdiction. Flip-flopping on the court's jurisdiction in this manner is known as "fraudulent removal" and has been critiqued for its propensity to unnecessarily increase litigation costs and frustrate the efficient disposition of claims. Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."); Collier, 889 F.3d at 897 (describing removal followed by Rule 12(b)(1) motion as a "dubious strategy [that] resulted in a significant waste of federal

4

judicial resources"); see generally Zachary D. Clopton & Alexandra D. Lahav, Fraudulent Removal, 135 Harv. L. Rev. F. 87 (2021).

By changing course and arguing that Hatch lacks standing, AT&T has failed to meet its burden of demonstrating that the court possesses subject matter jurisdiction. Notably, Hatch does not offer any argument germane to the question of whether she has standing to sue in federal court. Indeed, she initially opposed removal. (Doc. 9.) Where, as here, AT&T, as the removing party, contends that the court lacks subject matter jurisdiction over a removed action, remand is appropriate. See Cumberland Cnty., 608 F. Supp. 3d at 297–98 ("When 'no party is willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis.'" (quoting Mocek v. Allsaints USA Ltd., 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016))); Lambeth v. City of High Point, No. 1:23-CV-797, 2024 WL 2022693, at *5 (M.D.N.C. May 7, 2024) (remand proper where "no party ha[d] successfully shouldered the burden of establishing subject matter jurisdiction"); Ott ex rel. L.O. v. Alaska Dep't of Health, No. 3:24-cv-00153, 2024 WL 4512091, at *4 (D. Alaska Oct. 17, 2024) (remand proper where a party removed a suit "to federal court based on the assertion that [the] Court ha[d] subject matter jurisdiction and then revers[ed] course and assert[ed] a lack of subject matter jurisdiction"). Moreover, section 1447(c) commands that were the court to agree with AT&T's motion to dismiss for lack of subject matter jurisdiction, remand,

5

rather than dismissal, remains the appropriate remedy.[1]

Hatch, proceeding pro se, has not renewed her motion to remand in light of AT&T's new contention that this court lacks subject matter jurisdiction. But that is not necessary, as the court has the authority and, indeed, the duty to remand a case to state court if "at <u>any time</u> before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added). Therefore, to paraphrase a sister district court, regardless whether the court sua sponte remands the case, or reconsiders and grants Hatch's prior motion to remand, or (assuming AT&T is correct) agrees with AT&T's motion to dismiss for lack of subject matter jurisdiction, "remand ensues." <u>Cumberland Cnty.</u>, 608 F. Supp. 3d at 297.

Accordingly, the case shall be remanded to state court.

**III. CONCLUSION**

For the reasons stated, remand is warranted pursuant to 28 U.S.C. § 1447(c) because AT&T, as the party seeking to invoke federal jurisdiction, maintains that Article III standing is lacking, thus failing to demonstrate that the court possesses subject matter jurisdiction over Hatch's claims.

IT IS THEREFORE ORDERED that the case is REMANDED to the

---

[1] This is, of course, because a court that lacks subject matter jurisdiction lacks the authority to dismiss the case on the merits, as AT&T requests. <u>Steel Co v. Citizens for a Better Env't</u>, 523 U.S. 83, 94–95 (1998).

6

General Court of Justice, Superior Court Division, of Durham County, North Carolina.

The Clerk of Court is directed to close the file.

/s/   Thomas D. Schroeder
United States District Judge

April 24, 2025

7

Case 1:24-cv-00890-TDS-JLW    Document 23    Filed 04/24/25    Page 7 of 7